UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-cv-24369-JLK/Becerra

RUBIS CARIBBEAN HOLDINGS, INC.,

    Petitioner,

vs.

BE TAG HOLDINGS LIMITED, *et al.*,

    Respondents.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** came before the Court on Respondents BE TAG Holdings Limited, Blue Equity International, LLC, Jonathan S. Blue, individually and as trustee, David M. Roth, and David M. Roth P.S.C.'s Motion to Dismiss Supplemental Complaint, ECF No. [108], which the Honorable James Lawrence King referred to the undersigned for a report and recommendation, ECF No. [96]. Petitioner Rubis Caribbean Holdings, Inc. filed a Response in Opposition to the Motion to Dismiss, ECF No. [120], and Respondents filed a Reply, ECF No. [125]. The undersigned held a hearing in this matter on February 6, 2023 (the "Hearing").[1] *See* ECF No. [137]. At the hearing, Petitioner made an *ore tenus* motion for leave to file an amended supplemental complaint to correct the procedural deficiencies that the undersigned identified. After due consideration of the Motions, argument of counsel at the Hearing, the pertinent portions of the record, and being otherwise fully advised in the premises, it is **RECOMMENDED** that

---

[1] Respondents previously filed a Motion to Dismiss Proceedings Supplementary, ECF No. [87], which was also referred to the undersigned, ECF No. [96]. Counsel at the Hearing agreed that this earlier Motion could be considered **MOOT** in light of their subsequent Motion to Dismiss, and to the extent any argument was not incorporated in the subsequent Motion, the Court incorporated them in its reasoning herein such that no further Order is needed as to the first Motion.

1

Petitioner's *ore tenus* Motion for Leave to file an amended supplemental complaint be **GRANTED** and Respondents' Motion to Dismiss, ECF No. [108], be **DENIED AS MOOT**, as explained further below.

## I. BACKGROUND

This is a supplementary post-judgment proceeding pursuant to Florida Statutes, § 56.29. On April 23, 2019, the Court entered an Order Confirming Arbitral Award, in which it "confirmed as a Final Judgment of this Court" a March 18, 2015 arbitration award entered in favor of Rubis and against BE TAG in the amount of $2,250,000.00 plus interest (the "Final Judgment"). *See* ECF No. [52]. In an effort to collect on the Final Judgment, Rubis filed a Motion for Leave to Commence Proceedings Supplementary, Implead Certain Defendants and for the Court to Issue Notices to Appear. *See* ECF No. [78]. The Court granted the motion and entered an Order Commencing Proceedings Supplementary. *See* ECF No. [79].

On May 18, 2022, Rubis filed its Supplemental Complaint. *See* ECF No. [101]. The Supplemental Complaint asserts nine (9) claims against Respondents. Count I is a claim for breach of contract of guarantee against BE TAG and Blue Equity. *Id*. at ¶¶ 49-53. Rubis seeks a money judgment against Blue Equity on the basis that Blue Equity "guaranteed to pay the arbitral award underlying the judgment in this case" and failed to do so. *Id*. at ¶¶ 50, 53.

Count II is a claim for fraudulent transfer under Fla. Stat. § 56.29(3)(b) against all Respondents. *Id*. at ¶¶ 54-55. Rubis alleges that funds were fraudulently transferred out of BE TAG's own bank accounts and out of accounts held in trust for BE TAG, and asks that "all such transfers be declared void and that the property of BE TAG found in the hands of [Respondents] be taken by the Marshall or other officer of this Court to satisfy the judgment and execution thereon." *Id*. at 11.

Counts III through VIII seek "judicial assignment" of "chose[s] in action" that BE TAG allegedly owns, and a money judgment against Respondents on the underlying claims. Rubis alleges that BE TAG owns a "chose in action" against the other Respondents for civil theft (Count III), conspiracy to commit civil theft (Count IV),[2] aiding and abetting civil theft (Count V), conversion (Count VI), breach of fiduciary duty (Count VII), and accounting (Count VIII). *Id*. at 12-20.  The last claim, Count IX, alleges that Blue and Roth are the alter-egos of BE TAG, Blue Equity and David M. Roth, PS.C., and requests that the corporate veil of those entities be pierced to hold Messrs. Blue and Roth jointly and severally liable for the Final Judgment. *Id*. at 21.

Respondents filed a Motion to Dismiss the Supplemental Complaint. *See* ECF No. [108]. During its review, the undersigned identified several procedural deficiencies in the Supplemental Complaint, and held a hearing to address those issues, ECF No. [136]. For the reasons explained below, given that the Supplemental Complaint is procedurally deficient, and Rubis has sought leave to amend to correct those deficiencies, the Motion to Dismiss should be DENIED as MOOT.

**II.     ANALYSIS**

Pursuant to Rule 69(a) of the Federal Rules of Civil Procedure, proceedings supplementary to and in aid of execution "must accord with the procedure of the state where the court is located…." Fed. R. Civ. P. 69(a). Rubis must therefore comply with the procedural requirements set forth in Florida law. Florida Statutes section 56.29 specifies the procedures that govern supplementary proceedings. *See generally* FLA. STAT. § 56.29 (2022).

---

[2] The Supplemental Complaint mistakenly labels two claims as "Count III," Civil Theft and Conspiracy to Commit Civil Theft. *See* ECF No. [101] at 11, 14. The undersigned construes the Conspiracy to Commit Civil Theft claim as Count IV, and the subsequent claims to be sequentially numbered thereafter.

### A. The Supplemental Complaint is Procedurally Deficient

It is a fundamental principle that "[i]n a supplemental proceeding [under Fla. Stat. § 56.29], a judgment creditor does not assert a cause of action against an impleaded party, but only seeks to identify and marshal the assets of the judgment debtor in the hands of the impleaded party." *Amaltheia Capital Ltd. v. Joseph*, No. 19-CV-62746, 2021 WL 7502557, at *2 (S.D. Fla. June 2, 2021) (citation omitted); *see also Estate of Jackson v. Ventas Realty, Ltd. P'ship*, 812 F. Supp. 2d 1306, 1310 (M.D. Fla. 2011) ("Rather than adjudicating a cause of action asserted personally against an impleaded party by a judgment creditor, a supplemental proceeding identifies and marshals the assets of the judgment debtor in the hands of the impleaded party."). The Supplemental Complaint violates this principle because it asserts substantive causes of action against Blue Equity, David M. Roth, PS.C., and/or Messrs. Blue and Roth for breach of contract, civil theft, conspiracy to commit civil theft, aiding and abetting civil theft, conversion, breach of fiduciary duty, and accounting. ECF No. [101] at 10, 12-20.

Further, those claims seek entry of a money judgment, which is not an available remedy. The only provisions in section 56.29 that provide for entry of a money judgment are subsections (6) and (9). Subsection (6) allows for entry of a money judgment, but only "as provided in ss. 56.16-56.19." FLA. STAT. § 56.29(6). Florida Statutes §§ 56.16-56.19 "outline the process for third parties to claim ownership of property that the judgment creditor believes is subject to execution as property of the judgment debtor." *McGregor v. Fowler White Burnett, P.A.*, 332 So. 3d 481, 491 (Fla. 4th DCA 2021). These provisions are not at issue in the Supplemental Complaint and, thus, Fla. Stat. § 56.29(6) is inapplicable.

Similarly, subsection (9) allows for entry of a money judgment, but only for claims brought under chapter 726, which address fraudulent transfers. None of the causes of action in the

Supplemental Complaint are asserted under chapter 726. *See* ECF No. [101]. While Count II is a claim for fraudulent transfer, Rubis asserts that claim under Fla. Stat. § 56.29(3)(b). *Id*. at ¶ 54. This subsection does not authorize money judgments. *See McGregor*, 332 So. 3d at 491 ("[S]ubsection (3)(b) [of § 56.29] does not allow for an award of money damages…[and] section 56.29(6) does not authorize the entry of a money judgment based on a claim under subsection (3)(b)."); *Estate of Jackson*, 812 F. Supp. 2d at 1309 ("Section 56.29 does not create substantive rights of recovery nor provide a basis for entry of a money judgment."). For these reasons, the Supplemental Complaint cannot properly seek damages against Respondents.

Moreover, Rubis' request in Counts III-VIII that the Court "judicially assign" these claims, which it describes as "chose[s] in action," is not properly asserted in the Supplemental Complaint. Section 56.29(2) requires that a motion to commence (or supplemental affidavit) sufficiently identify the property, debt, or other obligation that may be available to satisfy the judgment.[3] "Compliance with these prerequisites [in Fla. Stat. § 56.29(2)] is necessary for issuing Notices to Appear and impleading any named third parties to the supplementary proceedings." *Amaltheia Capital Ltd.*, 2021 WL 7502557 at *2 (citation omitted). Rubis has not established that the "choses in action" are property of BE TAG, the judgment debtor. It is therefore procedurally improper to raise them in the Supplemental Complaint. This conclusion, however, does not prevent Rubis from bringing an appropriate motion against BE TAG, in this action, to obtain judicial assignment of the choses in action.[4]

---

[3] Fla. Stat. § 56.29(2) states: "The judgment creditor shall, in the motion described in subsection (1) or in a supplemental affidavit, describe any property of the judgment debtor not exempt from execution in the hands of any person or any property, debt, or other obligation due to the judgment debtor which may be applied toward the satisfaction of the judgment."

[4] In raising this, the undersigned takes no position on the merits of such a motion.

5

Count IX for "alter-ego/veil piercing," is likewise deficient. "While Florida courts permit alter ego allegations to be pled as a distinct cause of action, federal courts generally find that alter ego is not a separate cause of action for which relief can be granted; rather, alter ego serves a theory to impose liability on an individual for the acts of a corporate entity." *Management v. Beale Street Blues Co., Inc.*, No. 17-cv-81214, 2018 WL 6448385, at *3 (S.D. Fla. Oct. 3, 2018) (quotation marks and citation omitted). As such, Rubis can rely upon alter-ego or corporate veil-piercing as a theory of liability, but not as an independent cause of action.

### B. Leave to Amend the Supplemental Complaint is Warranted

At the Hearing, Rubis' counsel agreed that the Supplemental Complaint contained procedural deficiencies, and requested leave to file an amended supplemental complaint. Rule 15 of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "The decision whether to grant leave to amend is committed to the sound discretion of the trial court." *Shipner v. E. Air Lines, Inc.*, 868 F. 2d 401, 406–07 (11th Cir. 1989).

The Eleventh Circuit has set forth five factors for a district court to consider when deciding whether to permit amendment: "(1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure to cure deficiencies by amendments previously allowed, (4) undue prejudice to the opposing party by virtue of allowance of the amendment, and (5) futility of amendment." *Estate of Hand by and through Hand v. Florida Dep't of Corrections*, No. 21-11542, 2023 WL 119426, at *5 (11th Cir. Jan. 6, 2023) (citing *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009)). There is no basis in the record to support the first four factors, and Respondents made no argument to the contrary.

6

The only factor that Respondents relied upon to oppose leave to amend is the fifth factor, futility of amendment. "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Ross v. Apple, Inc.*, 741 F. App'x 733, 736 (11th Cir. 2018) (citation omitted). Respondents contend that amendment is futile because the claims that Rubis intends to assert are barred by the statute of limitations. "[L]eave to amend should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Taylor v. Florida State Fair Authority*, 875 F. Supp. 812, 815 (M.D. Fla. 1995). On this record, the undersigned is unable to make such a conclusion. The undersigned is also mindful that litigants should be given at least one opportunity to amend a deficit complaint. *Thomas v. Generac Power Systems Inc.*, No. 21-12997, 2022 WL 4091735, at *6 (11th Cir. Sept. 7, 2022) (citation omitted) ("A district court should give a plaintiff at least one opportunity to amend his complaint…."). For these reasons, leave to file an amended supplemental complaint is warranted.

### III.  CONCLUSION

In sum, the Supplemental Complaint suffers from various procedural deficiencies, which Rubis should be allowed to correct. The proper procedure to raise the claims asserted in the Supplemental Complaint, as Rubis' counsel agreed at the Hearing, is as follows: (i) Count I for breach of contract of guaranty may be re-filed as a separate action, (ii) Count II for fraudulent transfers may be asserted in an amended supplemental complaint, and Rubis may revise that claim to specify the transfers at issue and to correct the statutory basis upon which Rubis relies, (iii) Rubis may file an appropriate motion to seek judicial assignment of the "choses in action" at issue in Counts III through VIII (civil theft, conspiracy to commit civil theft, aiding and abetting civil theft, conversion, breach of fiduciary duty, and accounting), but may not seek a money judgment

on such claims in this supplementary proceeding, and (iv) Rubis may assert alter-ego or corporate veil piercing (Count IX) as a theory of liability, rather than a cause of action. Respondents retain the right to assert all legal arguments raised in their Motions to Dismiss, as well as any other argument, including based upon the statute of limitations, in response to any amended pleading or motion that Rubis may hereafter file.

Accordingly, it is hereby **RECOMMENDED** that Petitioner's *ore tenus* Motion for Leave to Amend the Supplemental Complaint be **GRANTED** as specified above, and Respondents' Motions to Dismiss, ECF Nos. [87], [108], be **DENIED AS MOOT**.

## IV. OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Court for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. The undersigned finds that a shortened objection period is warranted given that the Parties have had ample time to time to make their arguments in written briefs and at the hearing. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 10, 2023.

_____
**JACQUELINE BECERRA**
**UNITED STATES MAGISTRATE JUDGE**