UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:15-cv-24369-JLK/Becerra

RUBIS CARIBBEAN HOLDINGS, INC.

    Petitioner,

v.

BE TAG HOLDINGS LIMITED, *et al.*,

    Respondents,
                                           /

## MOTION FOR FINAL SUMMARY JUDGMENT

Respondents, BE TAG HOLDINGS LIMITED ("Be Tag"), BLUE EQUITY INTERNATIONAL, LLC ("Blue Equity"), and Impleaded Parties, JONATHAN S. BLUE ("Mr. Blue"), DAVID M. ROTH[1] ("Mr. Roth"), DAVID M. ROTH P.S.C. ("Roth PSC"), BLUE JAMAICA PETROHOLDINGS, LLC ("Blue Jamaica"), JONATHAN S. BLUE, as Trustee to the JONATHAN S BLUE IRREVOCABLE TRUST #2 (the "Blue Trust"), and Blue Equity[2] (all seven,[3] collectively, the "Moving Parties"), pursuant to Federal Rule of Civil Procedure 56, Local Rule 56.1, and Florida Statute § 56.29, move for entry of final summary judgment in their favor, and in support say:

---

[1] David M. Roth was never served with a Notice to Appear in this action in his personal capacity. If the Court considers Mr. Roth to be obligated to respond, he moves the Court because Rubis names him in the caption to this case.

[2] Blue Equity is a Respondent in this action, and Blue Equity was also served with a Notice to Appear on January 19, 2024. Thus, Blue Equity moves the Court in both of its capacities as Respondent and as Third Party.

[3] Blue Equity appears twice in two different capacities, but it is only a single party. Thus, there are seven, not eight, Moving Parties.

## I. INTRODUCTION

The Moving Parties are entitled to final summary judgment in their favor as a matter of law. There are no genuine disputes as to any material facts. All that remains in this proceeding supplementary, which has been ongoing for nearly three years, is Petitioner Rubis Caribbean Holdings, Inc.'s ("Rubis") attempt to recover money judgment(s) under a theory of fraudulent transfer equivalent to the amounts of the twelve (12) transfers listed in the Notices to Appear (collectively, the "Transfers"). *See* Notices to Appear [ECF Nos. 80-81, 164–66]; Motions to Commence Proceedings Supplementary [ECF Nos. 78, 153]. Rubis has had nearly three years to obtain any discovery it deemed necessary. The Moving Parties are entitled to judgment in their favor and as a matter of law because: (1) Rubis has not identified any property belonging to BE Tag in the Moving Parties' possession; (2) Rubis cannot seek a money judgment under Florida Statutes section 56.29(3)(b); and (3) in any event, even if Rubis had proceeded under Florida Statutes section 56.29(9), Rubis's claims would be barred by the applicable statute of repose.

## II. MATERIAL FACTS

The Moving parties hereby incorporate their Statement of Material Facts ("SMF"), filed contemporaneously with this Motion [ECF No. 171].

## III. LEGAL STANDARD

Summary judgment is appropriate where there is "no genuine issue as to any material fact and [ ] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). An issue is not genuine if no reasonable jury could return a verdict for the nonmoving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996). A fact is material if it may affect the outcome of the case under the applicable substantive law. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

Summary judgment should be granted if a reasonable jury could only draw one conclusion from the undisputed facts. *Samples ex rel. Samples v. City of Atlanta*, 846 F.2d 1328, 1330 (11th Cir. 1988). On a motion for summary judgment, the court views the evidence and all reasonable inferences in the light most favorable to the non-moving party. *Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). The moving party must establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

If the ultimate burden of proof at trial lies with the non-moving party, then the moving party must only point out to the district court that there is an absence of evidence to support the nonmoving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Then, the non-moving party bears the burden to produce evidence to demonstrate specific facts showing that there is a genuine issue for trial. *First Citizens Bank & Trust Co. v. River Walk Farm, L.P.*, 620 Fed. App'x 811 (11th Cir. 2015).

### IV.  ARGUMENT

This Court should grant final summary judgment in favor of all Moving Parties for three independently sufficient reasons: (1) the property listed in the Notices to Appear are not the property of BE Tag, as is required for proceedings supplementary under Florida Statutes section 56.29(2); (2) as this Court has already decided, Rubis cannot seek a money judgment under Florida Statutes section 56.29(3)(b); and (3) in any event, even if Rubis had proceeded under Florida Statutes section 56.29(9), Rubis's claims would be barred by the applicable statute of repose.

**A. The Transfers Listed on the Notices to Appear Are Not the Property of BE Tag.**

Florida Statutes section 56.29(2) states that a judgment creditor can institute proceedings supplementary through a motion that "describe[s] any property of the judgment debtor not exempt from execution in the hands of any person or any property, debt, or other obligation due to the

3

judgment debtor which may be applied toward the satisfaction of the judgment." This section makes clear that proceedings supplementary are intended as a mechanism to recover property of the judgment debtor that is in the possession of third parties.

As this Court has already stated, "[i]t is a fundamental principle that '[i]n a supplemental proceeding [under Fla. Stat. § 56.29], a judgment creditor does not assert a cause of action against an impleaded party, but only seeks to identify and marshal the assets of the judgment debtor in the hands of the impleaded party.'" [ECF No. 138 at p. 4] (*citing Amaltheia Capital Ltd. v. Joseph*, No. 19-CV-62746, 2021 WL 7502557, at *2 (S.D. Fla. June 2, 2021); *see also Peter Coppola Beauty, LLC v. Casaro Labs, Ltd.*, 2018 WL 4203686, * 3 (S.D. Fla. Aug. 31, 2018) (Matthewman, J.); *Grovenor House, L.L.C. v. E.I. Du Pont De Nemours and Co.*, 2012 WL 12950042, at *2 (S.D. Fla. July 12, 2012) ("[S]ection 56.29 does not create substantive recovery rights but provides the procedural mechanism for a judgment creditor to investigate potential assets of the judgment debtor."); *Estate of Jackson v. Ventas Realty, Ltd. Partnership*, 812 F. Supp. 2d 1306, 1310-11 (M.D. Fla. 2011) ("Rather than adjudicating a cause of action asserted personally against an impleaded party by the judgment creditor, a supplemental proceeding identifies and marshals the assets of the judgment debtor in the hands of an impleaded party."); *In re Hill*, 332 B.R. 835, 843 (Bk. M.D. Fla. 2005).

The only "property" at issue in these Proceedings Supplementary are the twelve (12) Transfers. *See* [ECF Nos. 80, 81, 164-166]. These transfers are not property of BE Tag in the possession of a third party. To the extent that the transfers involved funds of BE Tag that were once the property of BE Tag, they ceased to be BE Tag's property at the time of the transfer. Moreover, **none** of the funds from the Transfers are in the possession of the Moving Parties. *See* SMF [ECF No. 171] at ¶ 33. Where funds are no longer in the possession of the impleaded parties,

they do not satisfy the requirements of section 56.29(2). *See McGregor v. Fowler White Burnett, P.A.*, 332 So. 3d 481, 490-91 (Fla. 4th DCA 2021).[4] Accordingly, the property listed in the Notices to Appear are not the property of BE Tag, and this Court should grant final summary judgment in favor of all Moving Parties.

**B.  Rubis Cannot Seek a Money Judgment Under Florida Statutes Section 56.29(3)(b).**

Rubis attempts to proceed under Florida Statutes section 56.29(3)(b) to seek a money judgment against the Moving Parties. However, as this Court has already held, Rubis cannot seek a money judgment under section 56.29(3)(b) because subsection (3)(b) "does not authorize money judgments." [ECF No. 138] at 5 (*citing McGregor*, 332 So. 3d at 491).

Section 56.29(3)(b) states, in relevant part:

> When any gift, transfer, assignment or other conveyance of personal property has been made or contrived by the judgment debtor to delay, hinder, or defraud creditors, the court shall order the gift, transfer, assignment or other conveyance to be void and ***direct the sheriff to take the property*** to satisfy the execution. This does not authorize seizure of property exempted from levy and sale under execution or property which has passed to a bona fide purchaser for value and without notice. Any person aggrieved by the levy or Notice to Appear may proceed under ss. 56.16–56.20.

(emphasis added).

Relief under subsection 56.29(3)(b) "is limited to avoiding transfers of personal property in situations where the property may be seized to satisfy the execution." *McGregor*, 332 So. 3d at 487–88. Indeed, the personal property contemplated by section 56.29(3)(b) "must be the same property that the judgment debtor transferred and ***must be something identifiable that the sheriff may seize***." *Id.* at 488 (emphasis added).

---

[4] As this Court is likely aware, the case of *Rosenberg v. U.S. Bank, N.A.*, 360 So. 3d 795 (Fla. 3d DCA 2023) disagreed with many of the relevant holdings of *McGregor*. However, as explained in section IV D, *infra*, this Court should apply *McGregor* not *Rosenberg*.

5

Here, Rubis has not identified any personal property of BE Tag in the possession of any Moving Party that the sheriff can seize. Rather, Rubis has identified the twelve (12) Transfers that occurred between 2013-2016. SMF ¶¶ 29-31, App'x A. The funds subject to said transfers have not been set aside or segregated such that they are the "same property" that the sheriff can identify and seize. *See McGregor*, 332 So. 3d at 487–88 (*citing In re British Am. Ins. Co.* ("*BAICO*"), 607 B.R. 753, 757 (Bankr. S.D. Fla. 2019)). Accordingly, there is no personal property of BE Tag in the possession of the Moving Parties that could satisfy the requirements of section 56.29(3)(b).

Instead, Rubis is attempting to seek a money judgment under subsection 56.29(3)(b), as it has repeatedly expressed. However, this Court has already ruled that subsection 56.29(3)(b) does not allow for an award of money damages, and section 56.29(6) does not authorize the entry of a money judgment based on a claim under subsection (3)(b). [ECF No. 138 at p. 5] (*citing McGregor*, 332 So. 3d at 491).[5] And both the *McGregor* case and precedent from this Court support this ruling. *See also BAICO*, 607 B.R. at 758 ("If a plaintiff seeks a money judgment against an alleged fraudulent transferee from the judgment debtor, the relief may be sought under subsection (9) but not under subsection (3)."). Accordingly, Rubis cannot seek a money judgment under Florida Statutes section 56.29(3)(b), and this Court should grant final summary judgment in favor of all Moving Parties.

---

[5] Rubis did not object to the Court's Report and Recommendation. SMF ¶ 24. Accordingly, Rubis waived any right to challenge the Court's finding. See FRCP 72(a) ("A party may not assign as error a defect in the order not timely objected to.").

## C. Even If Rubis Had Proceeded Under Florida Statutes Section 56.29(9), Rubis's Claims Would Be Barred by The Applicable Statute of Repose.

Finally, even if Rubis had proceeded under section 56.29(9), Rubis's attempts to obtain a money judgment against the Moving Parties would still fail.[6] Section 56.26(9) allows judgment creditors to file a supplemental complaint for a claim of fraudulent transfer to pursue a money judgment against the recipients of such transfer. Under section 56.29(9), any attempts to recover a money judgment for the Transfers would be "subject to chapter 726." § 56.29(9), Fla. Stat. Chapter 726 is the Florida Uniform Fraudulent Transfer Act ("UFTA") and "governs the timeliness of a UFTA claim brought under section 56.29(9)." *Uoweit, LLC v. Fleming*, 300 So. 3d 1201, 1205 (Fla. 4th DCA 2020).

Chapter 726 contains a statute of repose for fraudulent transfer claims. *See Nat'l Auto Serv. Ctrs., Inc. v. F/R 550, LLC*, 192 So. 3d 498, 510 (Fla. 2d DCA 2016) ("On its face, section 726.110 is a repose statute, not a limitations statute."); § 726.110, Fla. Stat. (2024). Causes of action for fraudulent transfers are "extinguished unless action is brought . . . within 4 years after the transfer was made or the obligation was incurred or, if later, within 1 year after the transfer or obligation was or could reasonably have been discovered by the claimant." Fla. Stat. § 726.110.

Here, all twelve Transfers occurred on or before June 17, 2016. *See* SMF, App'x A. Neither the Motion to Commence Proceedings Supplementary [ECF No. 78], filed January 18, 2022, nor the Amended Motion to Commence Proceedings Supplementary [ECF No. 153], filed June 28, 2023, were brought within 4 years of any of the Transfers. *See* SMF ¶¶ 16, 29, & App'x A.

---

[6] Although, critically, Rubis did not file an amended supplemental complaint after seeking leave to amend to do so, which was granted by this Court (*see* SMF ¶¶ 23-28). This Court should not allow a belated amendment at this time. *See, e.g.*, *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1243 (11th Cir. 2009) (affirming denial of plaintiff's motion to amend its complaint for failure to show good cause why it did not amend before the amendment deadline imposed in the scheduling order); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (affirming district court's denial of plaintiff's motion to amend her complaint because plaintiff's failure to comply with the court's scheduling order resulted from a "lack of diligence in pursuing her claim").

Likewise, neither the original Motion to Commence, nor the Amended Motion to Commence, was brought within 1 year after the transfers were or could reasonably have been discovered by Rubis. In the Notices to Appear, Rubis relies upon Exhibits B, C, E, and F to the Amended Motion to Commence [ECF No. 153] as evidence of the transfers at issue. SMF ¶ 17. These documents were all produced, at the latest, on October 14, 2020. SMF ¶¶ 13-17. In other words, the transfers that are at issue could have all been reasonably discovered by Rubis *at the latest* on October 14, 2020. Thus, because Rubis failed to institute its fraudulent transfer claims until January 18, 2022 and June 28, 2023, *see* [ECF Nos. 78, 153], Rubis failed to bring the causes of action on the Transfers within 1 year after the Transfers reasonably could have been discovered by Rubis.

Accordingly, any potential recovery under § 56.29(9) against the recipients of the Transfers is barred by the applicable statute of repose, and this Court should grant final summary judgment in favor of all Moving Parties.

**D. This Court Should Continue Its Reliance on *McGregor* Over *Rosenberg*.**

Notwithstanding the well-reasoned precedent of *McGregor*, Rubis argues that the case of *Rosenberg v. U.S. Bank, N.A.*, 360 So. 3d 795 (Fla. 3d DCA 2023) allows it to proceed under section 56.29(3)(b) to pursue a money judgment for fraudulent transfers against the Moving Parties. *Rosenberg*, decided after *McGregor*, created a split of authority between the Fourth and Third District Courts of Appeal.[7] The reach of this Court, the Southern District of Florida, overlaps with both courts. However, because the Florida Supreme Court would likely follow *McGregor*,

---

[7] There was an appeal pending at the Florida Supreme Court in *Rosenberg* to resolve this circuit split, but the case was voluntarily dismissed prior to resolution. *See* Notice of Stipulated Dismissal of Appeal, *Rosenberg v. U.S. Bank, N.A.*, No. SC2023-0974 (Fla. S. Ct. Dec. 8, 2023).

8

not *Rosenberg*, this Court should continue to apply *McGregor* and find that Rubis cannot seek a money judgment under section 56.29(3)(b).

When interpreting an appellate court split in state law, as exists here between *McGregor* and *Rosenberg*, federal courts "must predict how the highest court would decide [the] case." *SE Property Holdings, LLC v. Welch*, 65 F.4th 1335, 1342 (11th Cir. 2023); *Turner v. Wells*, 879 F.3d 1254, 1262 (11th Cir. 2018). In this case, this Court must predict whether the Florida Supreme Court would follow *McGregor* or *Rosenberg*. Because of the Florida Supreme Court's recent mandate that "[t]he words of a governing text are of paramount concern, and what they convey, in their context, is what the text means," *Advisory Op. to Governor re Implementation of Amend. 4, The Voting Restoration Amend.*, 288 So. 3d 1070, 1078 (Fla. 2020), the Florida Supreme Court would likely follow *McGregor*, not *Rosenberg*, as explained in detail below.

In *McGregor*, a judgment creditor initiated a proceeding supplementary. *McGregor*, 332 So. 3d at 485. The judgment creditor sought a monetary judgment against a law firm as the recipient of a fraudulent transfer. *Id.* To avoid the statute of repose for fraudulent transfers under Chapter 726, the judgment creditor attempted to proceed under section 56.29(3)(b), not section 56.29(9). *See id.* at 485-86. However, the court did not allow the judgment creditor to proceed under section 56.29(3)(b) because "[s]ection 56.29, taken as a whole, should not be read as allowing the [judgment creditor] to pursue a money judgment under subsections (2), (3)(b), and (6)—independent of subsection (9)—simply because the alleged fraudulent transfers involve personal property." *Id.* at 491.

In interpreting the text of section 56.29, Florida's Fourth District Court of Appeal engaged in a thorough statutory analysis. *See generally* 332 So. 3d at 486–90. The court addressed the history of, and amendments to, the statute to determine its meaning. *Id.* The court found that

interpreting section 56.29(3)(b) to allow a judgment creditor to seek a monetary judgment, as Rubis seeks here, would lead to "absurd results." *Id.* at 492. The results are absurd because section 56.29 would provide two different avenues of identical relief for an alleged fraudulent transfer—one avenue under section 56.29(9) subject to chapter 726's statute of repose, and one under section 56.29(3)(b) not subject to Chapter 726's statute of repose. *Id.*

In *Rosenberg*, a judgment creditor initiated a proceeding supplementary to seek a monetary judgment against the recipient of a fraudulent transfer under section 56.29(3). *Rosenberg*, 360 So. 3d at 799. Like in *McGregor*, the alleged recipient of a fraudulent transfer argued that the judgment creditor could not proceed under subsection (3) and, thus, the statute of repose under Chapter 726 applied to the judgment creditor's claim. *Id.* However, the Third District found that an action for fraudulent transfer could proceed under section 56.29(3) and, thus, was not subject to the statute of repose in Chapter 726. *Id.* at 801.

In interpreting section 56.29, the *Rosenberg* court recognized that "it might be 'absurd' to have different statutes of limitations for an 'identical cause of action for money judgments for fraudulent transfers.'" *Id.* at 801. But the court found that "the Legislature clearly maintained the fraudulent transfer remedy under subsection 56.29(3) as separate and distinct from the fraudulent transfer remedy under Chapter 726." *Id.* at 800. In support of this conclusion, the court did not provide any explanation of the differences between the supposed "separate and distinct" fraudulent transfer remedies. *See generally id.* at 799-805. The court recognized *McGregor* as relevant authority to the contrary, but in response, the court only "[r]espectfully disagree[ed]" with *McGregor* without any adequate explanation of the extensive statutory history of section 56.29. *See id.* at 800, 804.

10

Accordingly, the *McGregor* court stated the more reasonable interpretation of 56.29: that the statute of repose in Chapter 726 applies to fraudulent transfer claims for money judgments in proceedings supplementary. Any other outcome would allow a judgment creditor to "bypass section 56.29(9)" and render its reference to Chapter 726 meaningless. *McGregor* 332 So. 3d at 490.

Because *McGregor* applied a thorough statutory analysis of section 56.29, and its legislative history and amendments, and *Rosenberg* merely "disagree[s]" with *McGregor*, the Florida Supreme Court would likely follow *McGregor* over *Rosenberg*. And this Court should do the same.

## V. CONCLUSION

For all the above-stated reasons, this Court should grant final summary judgment in favor of the Moving Parties.

WHEREFORE, the Moving Parties respectfully request that this Court grant its Motion for Summary Judgment, enter final judgment in their favor, and grant any other relief as this Court deems just and proper.

Date: August 23, 2024

/s/ *Amy S. L. Terwilleger*
NICOLE K. ATKINSON
Florida Bar No.: 167150
AMY S. L. TERWILLEGER
Florida Bar No.: 098658
natkinson@gunster.com
aterwilleger@gunster.com
mmargolese@gunster.com
eservice@gunster.com
GUNSTER, YOAKLEY & STEWART, P. A.
777 S. Flagler Dr., Ste. 500 E
West Palm Beach, FL 33418
Telephone: (561) 655-1980
Facsimile: (561) 655-5677

-and-

>John D. Cox (admitted pro hac vice)
>jcox@lynchcox.com
>LYNCH, COX, GILMAN & GOODMAN, P.S.C.
>500 West Jefferson Street, Ste. 2100
>Louisville, Kentucky 40202
>Telephone: (502) 589-4215
>Facsimile: (502) 589-4994
>
>*Attorneys for Respondents*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 23rd day of August, 2024, a true and correct copy of the foregoing was electronically filed via CM/ECF filing portal, which will serve this document on all counsel of record via this Court's e-service system, including those on the attached service list.

**SERVICE LIST**

Bryan Lee Paschall
RIVERO MESTRE LLP
2525 Ponce de Leon Blvd.
Suite 1000
Miami, Florida 33134
bpaschal@cspalaw.com
rcharest@riveromestre.com

Hendrik Gerardus Milne
Grant Stanton Smith
Aballi Milne Kalil P.A.
SunTrust International Center
One Southeast Third Ave
Suite 2250
Miami, FL 33131
hmilne@aballi.com
gsmith@aballi.com
*Counsel for Rubis Caribbean Holdings Inc.*

Allen Paige Pegg
Hogan Lovells LLP
600 Brickell Avenue
27th Floor
Miami, FL 33131
allen.pegg@hoganlovells.com
*Interested Party*

Louis Mario Ursini , III
Adams and Reese LLP
101 East Kennedy Blvd.
Suite 4000
Tampa, FL 33602
louis.ursini@arlaw.com
*Counsel for Garnishee, Citibank N.A.*

Andrew R. Herron
Homer Bonner Jacobs
1441 Brickell Avenue
Suite 1200
Miami, FL 33131
aherron@homerbonner.com
*Counsel for Garnishee, Chase Bank, N.A.*